United States District Court
Southern District of Texas
**ENTERED**
October 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORIYOMI SADDIQ ALOBA, (Reg. #75821-112) Plaintiff, | § § § § § § § | CIVIL ACTION NO. 4:21-cv-02139 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| UNITED STATES OF AMERICA, *et al.*, Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

The complaint by Plaintiff Oriyomi Saddiq Aloba is dismissed as frivolous. Dkt 1. His motion to proceed *in forma pauperis* is granted. Dkt 4.

1. Background

Aloba is an inmate of the Federal Correctional Institution in El Reno, Oklahoma. He proceeds here *pro se*. He brought suit in April 2021 alleging civil rights violations resulting from a denial of due process. He has sued the United States of America; Hon Sim Lake (as Judge of the United States District Court for the Southern District of Texas, Houston Division); Hon Lynn Hughes (same); and John Doe (apparently as Judge of the United States District Court for the Western District of Texas, Pecos Division). Court records indicate that John Doe is most likely Hon David Counts, Judge of the United States District Court of the Western District of Texas, Pecos Division.

Aloba makes numerous assertions stemming from an alleged denial of access to the courts in several of his prior actions, including the following.

Aloba filed a civil rights action in May 2020. See Civil Action No 4:20-1983. He sought production of records relating to various warrants. It was assigned to Judge Lynn Hughes, who granted the voluntary dismissal on January 27, 2021.

Aloba filed a second civil rights action in the United States District Court for the Western District of Texas, Pecos Division in July 2020. See Civil Action No 4:20-0054. It was assigned to Judge David Counts. That case was transferred here on July 31, 2021, given a new civil action number, and assigned to Judge Sim Lake. See Civil Action No 4:20-2690. Aloba sought an order compelling the Clerk's Office to provide him with the documents allegedly pertaining to one or more warrants that were executed in the Houston area and related proceedings that took place in the Southern District of Texas, Houston Division, including "copies of his criminal complaint from arresting agency 11-14-2017"; "stenography transcript of proceeding"; "search and arrest warrant [as] a result of complaint"; and "record of extradition proceeding." Judge Lake dismissed that case as frivolous and malicious on August 31, 2020.

Aloba filed a third civil rights action in September 2020. See Civil Action No 4:20-3100. It was also assigned to Judge Sim Lake. Judge Lake there noted at length:

> I. Background
>
> The plaintiff is currently incarcerated as the result of a conviction and sentence that he received in United States v. Oriyomi Saddig Aloba, No. 2:18-cr-0083 (C.D. Cal.). Court records from that case reflect that a jury found the plaintiff guilty of several offenses outlined in a Second Superseding Indictment, including: Conspiracy to Commit Wire Fraud and Attempted Wire Fraud (Count 1), Wire Fraud (Counts 2 through 17); Unauthorized Impairment of a Protected Computer (Count 18); Unauthorized Access to a Protected Computer to Obtain Information (Counts 19 through 23); Aggravated Identity Theft (Count 24); Aiding and Abetting Aggravated Identity

> Theft (Counts 25 through 27). On October 21, 2019, the plaintiff received a sentence of 145 months' imprisonment plus restitution in the amount of $47,479.26 and a special assessment of $2700.00. That case is now on appeal.
>
> The plaintiff notes in his pending Complaint that he was arrested on November 15, 2017, by two armed individuals who claimed to be "operating under the color of law" (Docket Entry No. 1, p. 1). These individuals, identified as Client Dragoo and Christopher Odeck, allegedly held him "hostage" in a "Houston Police Marked Car" as part of a conspiracy by the Federal Bureau of Investigation, the Los Angeles Bureau of Investigation, the Los Angeles Superior Court, the People of Los Angeles, and "others unknown" (Id.). The plaintiff was then taken to the Harris County Jail and later transported by commercial airline from Houston to Los Angeles, where he was again held hostage in the Los Angeles County Jail (Id.). He accuses the defendants of kidnapping and hostage-taking in violation of several criminal statutes, including 18 U.S.C. §§ 1201, 1201(a), 1201(b), 1203, 1203(a), 2236, and 242, and he asks the court to issue warrants for their arrest (Id.).

Judge Lake dismissed the complaint as frivolous in November 2020, explaining that there is no private right of action to bring criminal charges.

Aloba now brings this suit and alleges as to the above that he wrote to the Clerk of this Court requesting documents, but he was told that none were on file; he filed suit in this Court in April 2020 seeking authentication of records; he filed suit against David Bradley in the Western District of Texas, Pecos Division; he filed another suit in June 2020 against the Reeves County Detention Center; Judge Counts transferred Aloba's case to the Houston Division in bad faith; Judge Lake said that Aloba couldn't amend

3

his pleadings, and any amendment would be automatically stricken; Judge Hughes ordered Aloba to file a more definite statement; Judge Lake used Aloba's more definite statement to dismiss two of his lawsuits; and Defendants used their office for malicious gain, destroyed court records, tampered with court records, and coerced him with deception. He seeks a declaration that Defendants violated his civil rights, $400,000 in compensatory damages, and $4,000,000 in punitive damages.

### 2. Legal standard

The complaint by Aloba is construed liberally because he proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007). But a federal court has the authority to dismiss an action at any time in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 USC § 1915(e)(2)(B)(i). A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez*, 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989); *Richardson v Spurlock,* 260 F3d 495, 498 (5th Cir 2001), citing 28 USC § 1915(e)(2). And it lacks *an arguable basis in law* "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v Scott,* 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder,* 105 F3d 1059, 1061 (5th Cir 1997).

### 3. Analysis

#### a. Judicial misconduct

Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction. *Stump v Sparkman*, 435 US 349, 356–57, 360 (1978). The Supreme Court construes a judge's jurisdiction broadly. The function performed governs the immunity analysis. For instance, see *Forrest v White*, 484 US 219, 229–30 (1988) (denying absolute immunity when judge performed administrative rather than judicial duties). A judge doesn't lose immunity simply on claim that the action taken was erroneous, malicious, or exceeded authority. *Stump*, 435 US at 356.

Judges Lake, Hughes, and Counts presided over civil proceedings against Aloba. Aloba doesn't allege, and the record

4

doesn't support, a clear absence of jurisdiction on the part of these judicial officers. Aloba instead challenges actions and omissions by the judges in those proceedings. But the complained-of acts arose directly out of their handling of his civil rights cases. For instance, transferring cases, ordering more definite statements, and dismissing lawsuits are normal judicial functions.

Absolute immunity precludes such claims. The claims against them will be dismissed.

### b. Claims against the United States

Aloba alleges no specific facts in support of any § 1983 claim against the United States. The doctrine of sovereign immunity provides that "the United States of America may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v Mitchell*, 463 US 206, 212 (1983) (citations omitted). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v Mitchell*, 445 US 535, 538 (1980), quoting *United States v King*, 395 US 1, 4 (1969). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St Tammany Parish ex rel Davis v FEMA*, 556 F3d 307, 315 (5th Cir 2009).

The United States is immune from suit under § 1983. See *Affiliated Professional Home Health Care Agency v Shalala*, 164 F3d 282, 286 (5th Cir 1999, *per curiam*) (recognizing that "suits against the United States brought under the civil rights statutes are barred by sovereign immunity"). Aloba otherwise fails to show an unequivocal waiver of sovereign immunity.

Sovereign immunity precludes Aloba's claim for relief against the United States. The claim against it will be dismissed.

### 4. Conclusion

The motion to proceed *in forma pauperis* is GRANTED. Dkt 4.

The complaint lacks an arguable basis in law. It is DISMISSED WITH PREJUDICE under 28 USC § 1915(e)(2)(B)(i).

The motion to transfer case out of Houston is DENIED AS MOOT. Dkt 8.

Any other pending motions are DENIED as moot.

5

The agency having custody of Aloba must deduct twenty percent of each deposit made to Aloba's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10, until the filing fee obligation of $350 is paid in full.

The Clerk of Court will send a copy of this Order to:

Manager of the Three-Strikes List
Southern District of Texas
Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on October 20, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge